UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case No. 20-20452
v.                                          Hon. Denise Page Hood

SOPHIE TOYA,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENIED IN PART
THE GOVERNMENT'S MOTION IN LIMINE (ECF No. 42)**

**I.    BACKGROUND**

This matter is before the Court on a Motion in Limine filed by the Government. A response and reply have been filed.

On September 23, 2020, an Indictment was filed charging Toya with: Count 1, Health Care Fraud, 18 U.S.C. §§ 1347 and 2; Counts 2-6, False Statements Relating to Health Care Matters, 18 U.S.C. §§ 1035(a) and 2); and Forfeiture Allegations, 18 U.S.C. § 982(a)(7). (ECF No. 1) Toya was a medical doctor licensed to practice in Michigan, Illinois and Indiana. She was a Medicare provider and worked as an independent contractor for telemedicine companies, including the AffordADoc Network and Integrated Support Plus, Inc. (ECF No. 1, PageID.5-.6) Toya is alleged to have defrauded Medicare by signing orders for

orthotics prescriptions with two telemedicine companies, without examining the patients.

II.  ANALYSIS

In its Motion in Limine, the Government sets forth five "motions" (Motions 1-5) which it claims Toya opposes.  The Government asserts Toya does not oppose Motions 6-9, and the Court grants such.

**Motion 1:**

The Government seeks to preclude Toya from arguing, eliciting on direct or cross, evidence at trial of specific acts of good conduct, including evidence of legitimate billing or prescriptions by Toya because this evidence is not probative of issues at trial.

Toya responds that she does not intend to offer evidence that she personally billed Medicare for services, but rather offer evidence that she lacked knowledge regarding Medicare billing processes and procedures.  She will argue that she relied on independent, third-party companies to bill Medicare for prior services Toya may have provided and therefore was not familiar with Medicare procedures. Toya agrees that while prior instances of "good acts," like "bad acts," are generally inadmissible under Fed. R. Evid. 404(b), there are instances where such evidence may be probative where a defendant is alleged to have "always" or "continuously"

committed the acts alleged. Toya requests that the Court make such admissibility determinations at trial, rather than issue a blanket ruling without specific evidence before it to weigh.

Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance, materiality and prejudice. *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (2002). Rule 401 of the Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Rule 402 states that "all relevant evidence is admissible, except as otherwise provided ..." and that "evidence which is not relevant is not admissible." Rule 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court

3

>excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). "Rule 404(b) precludes the use of prior acts evidence to prove a person's character, but it allows such evidence for other purposes, such as proving intent." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) (internal quotation marks omitted); *id.* ("For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."). Before allowing prior good acts evidence for an admissible purpose, though, the Court must find that the evidence is probative when used for the purported non-character purpose. *Id.* "[E]vidence about acts with no connection to" the charged crime is irrelevant. *Id*. at 630-31; *see United States v. Qaoud*, 777 F.2d 1105, 1111 (6th Cir. 1985) (finding prior good acts evidence irrelevant where it "involved a totally different incident[ ]" and "demonstrate[d] little or nothing about [the defendant]'s intent on the charges made in this indictment"); *id*. ("Evidence of non-criminal conduct to negate inference of criminal condition is generally irrelevant.") (*quoting United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978)). A three-step inquiry as to admissibility of 404(b) evidence is used: 1) whether sufficient evidence exists that the prior act occurred; 2) whether the "other act" is admissible for a proper purpose under Rule 404(b); and, 3) determine

4

whether the "other acts" evidence is more prejudicial than probative under Rule 403. *United States v. Poulsen,* 655 F.3d 492, 508 (6th Cir. 2011).

Here, Toya seeks to introduce evidence of prior acts that she relied on third-party billers in the past to show she lacked "knowledge" of how Medicare billing works. Toya's proffered evidence may or may not demonstrate Toya's "knowledge" or "intent" as to the charges currently at issue during the time frame alleged in the Indictment. At this time, it is not clear whether Toya's prior reliance on third-party billers is not relevant as to her lack of "knowledge" on how Medicare billing works and how such relates to how Medicare was billed on the current charges alleged in the Indictment. The Government's Motion 1 is denied without prejudice pending further evidence presented at trial as to how Medicare was being billed during the time frame at issue and Toya's knowledge or lack of knowledge of such.

**Motion 2:**

The Government seeks to preclude Toya from discussing the contents of the Government's witness list in front of the jury. Specifically, that Toya should not draw any inference from the Government's decision not to call a witness, whether such witness is or is not on the Government's witness list.

Toya responds that this motion is broad and premature. Toya asserts that

she could legitimately comment on the Government's failure to call certain witnesses at trial citing *United States v. Blakemore*, 489 F.2d 193, 195 (6th Cir. 1973).

An adverse inference is permitted from the failure to call witnesses if they are 'peculiarly within (the party's) power to produce' and if their testimony would 'elucidate the transaction.' *Id.* at 195. Most courts have carefully restricted application of the 'uncalled or missing witness' rule to situations where both elements are present. *Id*. This two-part analysis should be strictly applied. *Id*. As to the first part of the analysis, it must be determined if the uncalled witnesses are peculiarly within the control or power of one party. Whether a person is to be regarded as peculiarly within the control of one party may depend as much on his or her relationship to that party as on his or her physical availability. *Id.* In addition to the element of control, it must be found that the anticipated testimony of the uncalled witnesses will 'elucidate the transaction.' *Id.* at 196. When counsel for either side intends to argue to the jury for an adverse inference to be derived from the absence of witnesses, an advance ruling from the trial court should be sought and obtained, as was done here. The trial court, however, before ruling on the appropriateness of such argument, must make the pertinent inquiries and findings set forth above. Furthermore, if such argument is to be permitted, and

the operative facts appear to be in doubt or in dispute, an instruction should be given to the jury defining the conditions under which the inference might properly be drawn. *Id.*

The Court finds neither party should discuss whether a particular witness, whether on the Government's witness list or not, will testify at trial in the presence of the jury. If either Toya or the Government seeks a negative inference if a witness is not presented at trial, that party must first seek an advance ruling from the trial court and support such proposed inference by arguing and supporting the two part analysis set forth in *Blakemore*—as to which party had the power to produce the witness and whether the testimony would "elucidate" the conduct at issue. The Court grants the Government's motion not to discuss in the presence of the jury whether a witness, on or off the Government's witness list, will provide testimony at trial. However, as to precluding the defense to argue any negative inference due to an absent witness, the Court denies that portion of the motion without prejudice to the defense seeking an advance ruling from the Court and supporting any adverse ruling set by the two-factor test in *Blakemore*.

**Motion 3:**

The Government seeks to preclude Toya from arguing to the jury to disregard the law, directly or indirectly. Toya responds that because the

Government did not identify specific examples of jury nullification arguments which may be raised at trial, the Court should deny the Government's motion.

The Sixth Circuit has affirmed a trial court's refusal to give a jury nullification instruction that read, "a jury is entitled to acquit the defendant because it has no sympathy for the government's position." *United States v. Kryzske*, 836 F.2d 1013, 1021 (6th Cir. 1988). The Sixth Circuit has noted that although jurors "may indeed have the power to ignore the law, their duty is to apply the law as interpreted by the court and they should be so instructed." *Id.* The Sixth Circuit affirmed the trial court's instructions to the jury that, "[t]here is no such thing as valid jury nullification. Your obligation is to follow the instructions of the Court as to the law given to you. You would violate your oath and the law if you willfully brought in a verdict contrary to the law given you in this case." The Sixth Circuit has further allowed motions in limine to preclude arguments that could lead to jury nullification, such as the legalization of marijuana debate and whether the federal government should be prosecuting crimes when states have voted to allow marijuana use. *See United States v. Walsh*, Case No. 15-1569/2071, 654 F. App'x 689, 696-97 (6th Cir. June 9, 2016).

The Government has not cited any specific evidence or argument that the defense may present which could result in jury nullification. However, in light of

8

the general instructions by the Court to the jury that the jury is obligated to follow the Court's instruction as to the law, the Court will not allow any evidence or arguments by the defense to the contrary. If any such evidence or argument may arise during trial, the parties should seek a ruling outside the presence of the jury on whether these can be presented to the jury. The Court generally grants the Government's motion as to jury nullification evidence or arguments, but the Court will allow any party to seek advance ruling should a specific issue arises at trial.

**Motion 4:**

The Government seeks to preclude Toya from presenting evidence or argument that other individuals or entities should have been charged because the Government's charging decisions are not proper subjects for cross-examination or argument. Toya responds that without specifying a charging decision which the Government seeks to keep from the jury, the Government's motion is premature. Toya argues that there could be evidence of the Government's charging decisions and plea deals for impeachment purposes.

As to any witness who may testify that may have an immunity or plea agreement with the Government, such testimony is relevant as to the witness' bias, prejudice or motive. *See, Delaware v. VanArsdall*, 475 U.S. 673, 680 (1986); *Davis v. Alaska*, 415 U.S. 308, 316 (1974). Any charging decision as it relates to

any witness who testifies at trial is relevant for impeachment purposes. Regarding any charging decision as to a non-witness, the Court finds that any such evidence is not relevant. If this case involves a mistaken identity defense, it could be that the charging decision could be relevant. However, Toya does not raise this argument in her response, therefore, any evidence or argument regarding the charging decision of a non-witness will be precluded.

**Motion 5:**

The Government seeks to exclude evidence or argument of any allegations of misconduct by the prosecutor or agent involved in this case. The Government claims any prosecutorial misconduct claim is a legal question, not a factual one. Toya responds that the motion lacks specific conduct to be excluded, but argues that the Government's investigation should be open to challenge. Toya claims the motion is premature.

Because allegations of prosecutorial misconduct have not been raised by Toya, the Court finds this motion is premature. *United States v. Hamead*, No. 20-CR-20162, 2024 WL 1049486, at *5 (E.D. Mich. Mar. 11, 2024). It appears the Government is seeking preclusion of allegations of misconduct which occurred before trial. Generally, courts have addressed prosecutorial misconduct made during trial such includes flagrant statements made by the prosecutor. *See, United*

*States v. Carter*, 236 F.3d 777, 783-84 (6th Cir. 2001).  The Court has no factual context before it to determine if any allegations of prosecutorial misconduct made prior to trial could have an affect to the proceedings at trial.  The Court denies this motion without prejudice.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Government's Motion in Limine (ECF No 42) is GRANTED IN PART and DENIED IN PART as more fully set forth above.

S/DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED: April 29, 2024