**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SOPHIE TOYA,

    Defendant.

_____/

Case No. 20-CR-20452

Honorable Denise Page Hood

**ORDER DENYING DEFENDANT SOPHIE TOYA'S MOTIONS FOR BOND PENDING APPEAL [ECF Nos. 86 and 89]**

## I. INTRODUCTION

Before the Court are Defendant Dr. Sophie Toya's motions for bond pending appeal pursuant to 18 U.S.C. § 3143. [ECF Nos. 86 and 89]. The motions are fully briefed. For the reasons set forth below, the motions are DENIED.

## II. BACKGROUND

On May 10, 2024, a jury found Defendant Dr. Sophie Toya's ("Toya") guilty of one count of health care fraud (Count 1) and five counts of false statements relating to health care matters (Counts 2 through 6). [ECF No. 66]. On June 26, 2025, at the sentencing hearing for Toya, her counsel made an oral motion for bond pending appeal. [ECF No. 86]. Subsequently, on July 3, 2025, Toya filed a written

motion for bond pending appeal. [ECF No. 89] The Government filed its response in opposition on July 11, 2025. [ECF No. 92]. On July 18, 2025, Toya's reply brief was filed. [ECF No. 93].

### III. APPLICABLE LAW

The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release during appeal. 18 U.S.C. §3143(b); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). The presumption can be overcome if the court finds the following:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; **and**
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b) (emphasis added). If the presumption is overcome, the court must order the release of the defendant "in accordance with [18 U.S.C. §] 3142(b) or (c) . . . except that in the circumstance described in subparagraph (B)(iv) of [§ 3143(b)], the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." *Id.*

2

## IV.  ANALYSIS

### A. *Whether Toya Poses a Risk of Flight or a Danger to Others*

Toya asserts that she has no prior criminal history and has remained compliant with all pretrial and post-trial release conditions. [ECF No. 89, PageID.1895]. Toya maintains that she has strong ties to the community as a licensed physician and as the primary caregiver and sole financial provider for her two children. [ECF No. 89, PageID.1895-6]. The Government does not contest this issue. [ECF No. 92]. It is true that Toya has no prior criminal history and has remained in compliance with all her bond conditions since her initial appearance and post-conviction. Toya has demonstrated that she has substantial family and community ties. The Court finds that Toya has met her burden by clear and convincing evidence that she is not likely to flee and does not pose a danger to the others if released.

### B. *Whether Toya's Appeal is a Delay Tactic and if her Appeal Raises a Substantial Question of Law or Fact*

The Government avers that Toya's appeal is motivated by delay. [ECF No. 92, PageID.1996]. The Government asserts that Toya made it clear that her primary reason for seeking release is so she may have additional time to make arrangements for the caretaking of her children. *Id*. The Government argues that family circumstances are not a proper justification for release pursuant to 18 U.S.C. § 3134(b). *Id*. Toya denies that her appeal is sought for the purpose of delay. [ECF No. 89, PageID.1896]. Instead, Toya asserts that there are multiple close call questions

3

that could go either way that are integral to the merits of her convictions, such that bond pending appeal is appropriate. [*Id.*, PageID.1896]. The Government argues that Toya does not raise any substantial questions of law or fact likely to result in reversal, an order for a new trial, or a non-custodial sentence. [ECF No. 92, PagID.1997].

An appeal raises a substantial question "when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard,* 778 F.2d 1177, 1182 (6th Cir. 1985) (citation omitted). Courts have also defined a substantial question, as a question that is "novel… has not been decided by controlling precedent or is fairly doubtful." *Carter v. Ricumstrict*, No. 07-13311, 2013 U.S. Dist. LEXIS 89544, 2013 WL 3242957, at *1 (E.D. Mich. June 26, 2013) (quotations and citations omitted). Notably, the Sixth Circuit has provided that 18 U.S.C. § 3143(b)(1)(B) "does not require the district court to find that it committed reversible error" for it to find that the defendant's appeal raises a substantial question. *Pollard,* 778 F.2d at 1181-82 (citations omitted).

In her motion, Toya asserts five issues that she argues raise substantial questions of law or fact. Specifically, Toya argues: (1) it was legally impossible for her to violate U.S.C. § 1035 because the statute prohibits false statements made "in

4

connection with the delivery of or payment for any healthcare benefits, items or services involving a health care benefit program," and the undercover agents were not enrolled in any such program; (2) there was a prejudicial variance between the allegations in the indictment and the evidence presented at trial; (3) improper witness testimony was permitted; (4) her sentence was based on an improper calculation of the intended loss amount; (5) sufficiency of the evidence. [ECF No. 89, PageID.1896-1901].

The first three of these five issues— (1) legal impossibility; (2) prejudicial variance between the indictment and the evidence at trial; and (3) improper witness testimony—have previously been raised, in varying forms, by Toya before this Court. [ECF No. 23; ECF No. 51, PageID.469-70; ECF No. 62, PageID.1227-29; ECF No.71]. The Court considered and rejected Toya's argument each time, and it need not address these issues again at this time. For the reasons stated by the Court previously, at ECF No. 46 and ECF No. 88, the Court rejects Toya's arguments. The Court's opinions rejecting Toya's arguments, reflect that the questions presented are not "close" or "one[s] that could go either way."

Toya's fourth challenge is that the Court erred when it: (1) used the intended loss amount when calculating Toya's sentence; and (2) calculated intended loss amount and potentially included amounts not attributed to Toya's conduct, since

5

there was no conspiracy charge. [ECF No.89, PageID.1899-1900]. The Court addressed both of these issues at sentencing, ultimately rejecting both.

First, pursuant to clear Sixth Circuit precedence, the Court correctly used the greater of the actual loss and the intended loss amounts when calculating Toya's sentence. *See United States v. Xiaorong You*, 74 F.4th 378 (6th Cir. 2023). This Court does not consider Toya's argument to be a "close question" meriting release. *See Pollard*, 778 F.2d at 1182 (citations omitted). Second, the Court found that the probation department accurately calculated the intended and actual loss amounts based on the evidence presented against Toya at trial. [ECF No. 90, PageID.1925 and ECF No. 91, PageID.1955-1958, 1966-1973, 1981-1982]. The Court does not find either argument constitutes a "close question" that could go either way or supports Toya's release on bond pending appeal.

Toya's final argument is that the evidence presented at trial was insufficient for her convictions. [ECF No. 89, PageID.1900-1901]. Toya argues that comments made by the Court at her sentencing hearing suggests that her convictions were not supported by sufficient evidence. *Id*. Toya is mistaken. During that hearing, the Court clarified that the jury was instructed to follow the instructions on the law and based upon that, the jury found that Toya met all the required elements to be convicted of each of the six charges. [ECF No. 91, PageID.1983-1984].

6

Additionally, the Court provided that it is the jury who makes a determination of guilt, not the Court. *Id*. As the Sixth Circuit has explained, the judicial role in a sufficiency of the evidence challenge "is not to 'independently weigh the evidence' and consider whether the jury reasonably could have taken a *different* view of it." *United States v. Sittenfeld*, No. 23-3840, 2023 U.S. App. LEXIS 31766, at *4 (6th Cir. Nov. 30, 2023) (quoting *United States v. Paulus*, 894 F.3d 267, 275 (6th Cir. 2018) (emphasis in original)). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nicoletti*, 849 F. App'x 574, 578 (6th Cir. 2021) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original)). The Court will "draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001). Under this standard of review, a defendant faces "a very heavy burden." See *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

Here, the jury was not required to accept Toya's plausible, alternative explanation, that her conduct was merely reckless indifference. Rather, in light of the evidence before the jury, it could reasonably conclude that Toya had knowingly and willingly committed health care fraud and made false statements relating to health care matters as charged. Based on the above analysis, the Court finds that

7

Toya has not carried her burden to rebut the presumption of detention pending appeal.

V. **Toya's Notice of Supplemental Authority**

On August 29, 2025, over a month after Toya's motion for bond pending appeal had been fully briefed, Toya submitted a notice of supplemental authority referencing the Sixth Circuit opinion in *United States v. Ankita Singh*, No. 24-3655, 2025 U.S. App. LEXIS 20104, 2025 WL 2268031 (6th Cir. Aug. 8, 2025). [ECF No. 94]. On September 11, 2025, the Government filed its response in opposition. [ECF No. 95]. Toya's notice of supplemental authority highlights that the Sixth Circuit in *Singh* found that the "jury instructions defining 'knowingly and willingly' as acting 'voluntarily and intentionally, and not because of mistake or some other innocent reason' failed to convey the scienter required under 18 U.S.C. § 1347." [*Id.*, PageID.2014]. Toya asserts that the jury instructions in the present case were "materially identical to those rejected in *Singh*." *Id*. Toya argues that *Singh* "reinforces that [her] appeal raises a substantial question of law" and supports her motion for bond pending. [*Id.*, PageID.2015].

This Court disagrees. Toya's supplemental authority presents a new issue that was not presented in her motion for judgment of acquittal or in the alternative, for new trial nor her motion for bond pending appeal. [ECF Nos. 71 and 89]. Although the Court in *Singh* held that health-care fraud jury instructions must specify that the

8

government must prove the defendant acted with knowledge that her conduct was unlawful, the Court also recognized that the jury instructions at issue were consistent with Sixth Circuit Pattern Instruction 10.05 (2024).[1] *Id*. at *12. The Court further noted that those jury instructions were agreed upon by both parties. *Id*. Accordingly, the Court concluded that further analysis under the invited-error doctrine and plain-error standard of review would be necessary to determine whether the jury instructions issue merited reversal. *Id*. The Court, however, declined to further analyze this issue and vacated the defendant's convictions on other grounds. *Id*.

Like *Singh*, the parties in this case agreed upon the healthcare-fraud jury instructions, which were consistent with Sixth Circuit Pattern Instruction 10.05 (2024). But as the Sixth Circuit reasoned, additional analysis is required under the invited-error doctrine and the plain-error standard of review to determine whether reversal of Toya's conviction would be justified. Toya, however, failed to provide any arguments or analysis under either theory in support that reversal of her conviction is likely on appeal.[2] 18 U.S.C. § 3143(b). "[M]ere identification of issues

---

[1] "[T]his court has routinely found that instructions are not plainly erroneous where they track the circuit's pattern jury instructions." *United States v. Katuramu*, 174 F. App'x 272, 279 (6th Cir. 2006).

[2] Toya did not seek leave of this Court to file a supplemental brief in support of her motion for bond pending appeal. See Local Rule 7.1(g)(1). "It is within the Court's discretion to allow parties to file notices of supplemental authority and responses to such notice." *Brintley v. Belle River Cmty. Credit Union*, No. 17-13915, 2018 U.S. Dist. LEXIS 232134, 2018 WL 8815627, at *2 (E.D. Mich. May 7, 2018).

does not demonstrate that an appeal establishes a substantial question entitling the defendant to release pending appeal." *United States v. Moore*, 849 F.2d 1474 (6th Cir. 1988) (Table) (citing *Pollard*, 778 F.2d at 1182)); see also *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (citation omitted)).

Despite the Court's determination that Toya poses little risk of flight or danger to the community, the motion for bond pending appeal must be denied, because Toya fails to raise a substantial question of law or fact that, if decided in her favor, would likely result in reversal, a new trial, or an adjustment of her sentence on appeal. *See Chilingirian*, 280 F.3d at 709 (denying bond solely because defendant failed to raise a substantial question).

## VI. CONCLUSION/ORDER

For the reasons stated above,

IT IS ORDERED THAT THE ORAL AND WRITTEN MOTIONS FOR BOND PENDING APPEAL [ECF Nos. 86 and 89] are **DENIED**.

SO ORDERED.

Dated: September 24, 2025

s/Denise Page Hood  
Denise Page Hood  
United States District Judge